# UNITED STATES DISTRICT COURT

EASTERN District of PENNSYLVANIA

UNITED STATES OF AMERICA
V.
JAMES HOWARD

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DPAE2:09CR000120-001

USM Number: 63671-066

Edward C. Meehan, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) **1 to 13 of the indictment.**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy. | 01-30-2009 | 1 |
| 18:1344 & 18:2 | Bank fraud and aiding & abetting. | 01-30-2009 | 2 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 05-30-2008 | 3, 4, 5 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 01-08-2009 | 6 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

09-13-2011
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Hon. Anita B. Brody, U.S.D.C.E.D.Pa. J.
Name and Title of Judge

09-15-2011
Date

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 01-14-2009 | 7 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 01-15-2009 | 8 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 01-16-2009 | 9 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 01-20-2009 | 10 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 01-23-2009 | 11 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated identity theft and aiding & abetting. | 01-28-2009 | 12, 13 |

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A

DEFENDANT: JAMES HOWARD
CASE NUMBER: DPAE2:09CR000120-001

Judgment—Page 2 of 6

DEFENDANT: **JAMES HOWARD**
CASE NUMBER: **DPAE2:09CR000120-001**

Judgment — Page **3** of **6**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**36 months as follows.**
**12 months on counts 1 and 2 concurrently.**
**24 months on counts 3 to 13 to run consecutively to counts 1 and 2.**

☐ The court makes the following recommendations to the Bureau of Prisons:

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **JAMES HOWARD**
CASE NUMBER: **DPAE2:09CR000120-001**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JAMES HOWARD**
CASE NUMBER: **DPAE2:09CR000120-001**

Judgment — Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 1,300.00 | $ | $ 74,284.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Citizens Bank<br>Attn: Todd Swoyer<br>445 Penn St.<br>Reading, Pa. 19601 | $74,284.00 |  |  |
| **TOTALS** | $ 74284 | $ 0 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **JAMES HOWARD**
CASE NUMBER: **DPAE2:09CR000120-001**

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance    ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☒ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

   **While incarcerated, the defendant shall make restitution payments of $25.00 every 3 months. When the defendant is released from custody, he shall make restitution payments of $50.00 per month.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and and corresponding payee, if appropriate.

**James Howard CR 2009-120-1 with Miguel Bell CR 2009-672-1 and Deonda Barnett CR 2009-668-1 for $74,284.00.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
   **$70,784.00 as outlined in the forfeiture money judgment, docket entry #30, which is made a part of this judgment & commitment order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 09-120 |
| | : |
| JAMES HOWARD | : |
| a/k/a "Jay Money" | : |

## FORFEITURE MONEY JUDGMENT

IT IS HEREBY ORDERED THAT:

1. As a result of defendant's guilty plea on Counts One and Two of the Indictment, charging conspiracy in violation of 18 U.S.C. § 371, and bank fraud and aiding and abetting bank fraud in violation of 18 U.S.C. § 1344 and 2, for which the government sought forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A) and 982(b) incorporating Title 21, United States Code, Section 853(p), defendant must criminally forfeit all his right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses for which she stands convicted.

2. Based on the evidence presented at trial and sentencing, the Court has determined that the sum of $70,784.00 is subject to forfeiture as a result of the defendant's conviction of the offenses charged Counts One and Two and that the government has established the requisite nexus between such sum and such offenses.

3. A money judgment in the amount of $70,784.00 is hereby entered against the defendant as the amount of property which constitutes or is derived from proceeds traceable to the bank fraud offenses charged in Counts One and Two of the Indictment, and therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A) and 982(b) incorporating 21 U.S.C. § 853(p). Any property of the defendant located and forfeited to the government shall, after any third-party

claims to the property have been resolved, reduce the money judgment.

4. Upon the entry of this Order, the United States is authorized to conduct any discovery necessary to identify and locate property subject to forfeiture as substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Because the government seeks only a money judgment and does not seek the forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third party claims required where forfeiture consists of money judgment).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Forfeiture Money Judgment shall become final as to all persons at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

7. Discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The Court shall retain jurisdiction to enforce this Forfeiture Money Judgment, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Forfeiture Money Judgment to the United States Marshal Service and to counsel for the parties.

ORDERED this 9th day of November, 2009.

xc: U.S. Marshal
Speedy Trial

HON. ANITA B. BRODY
Judge, United States District Court

Copies Ecmf _____ TJ.

Copies mailed 11-12-2009 TO:
James Howard, Deft.

2